2008 OK 63

**STATE of Oklahoma, ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Gary Don HAMMOND, Respondent.**

**SCBD No. 5079.**

Supreme Court of Oklahoma.

June 24, 2008.

Dan Murdock, General Counsel, Michael Wayne Speegle, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, OK, for Complainant.

Charles F. Alden III, Alden & Leonard, P.C., Oklahoma City, OK, for Respondent.

HARGRAVE, J.

¶1 The Complainant, Oklahoma Bar Association (Bar Association/General Counsel) has charged the Respondent, Gary Don Hammond, with a violation of Rule 1.3 [1] and Rule 1.4 [2] of the Rules Governing Disciplinary Proceedings, and Rule 1.15 [3] and Rule 8.4(a)-(d) [4] of the Oklahoma Rules of Professional Conduct. The Professional Responsibility Tribunal (PRT) found certain facts underlying the OBA's complaint undisputed by the parties. A review of the record reveals these facts and conclusions of law to be accurate. These facts reflect that Hammond has been a member of the Oklahoma Bar Association since 1990 and has not been previously disciplined, and that he cooperated fully with the Oklahoma Bar Association during the investi-

---

**1.** Rule 1.3, 5 O.S.2001, Ch. 1, App. 1–A provides:

The commission by any lawyer of any act contrary to the prescribed standards of conduct, whether in the course of his professional capacity, or otherwise, which act would reasonably be found to bring discredit upon the legal profession, shall be grounds for disciplinary action, whether or not the act is a felony or misdemeanor, or a crime at all. Conviction in a criminal proceeding is not a condition precedent to the imposition of discipline.

**2.** Rule 1.4. 5 O.S.2001, Ch. 1, App. 1–A provides:

(c) Theft by conversion or otherwise of the funds of a client shall, if proved, result in disbarment.

**3.** Rule 1.15 5 O.S.2001, Ch. 1, App. 3–A provides in pertinent part:

(a) A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained in the state where the lawyer's office is situated or elsewhere with the written consent of the client or third person. Other property shall be identified as such and appropriately safeguarded. Complete records of such account funds and other property shall be kept by the lawyer and shall be preserved for a period of five years after termination of the representation.

**4.** Rule 8.4(a)-(d) 5 O.S.2001, Ch. 1, App. 3–A provides:

It is professional misconduct for a lawyer to: (a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another; (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects; (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation; (d) engage in conduct that is prejudicial to the administration of justice;

gation of this matter. We find that Hammond, as a result of his misconduct, should be suspended from practice for a period of six months. Costs of $858.57 are also imposed.[5]

## FACTS

¶2 Hammond was a shareholder in a professional corporation known as Groom and Hammond, P.C. and this professional corporation maintained a corporate client trust account. Between May 10 and July 15, 2004, Hammond wrote checks on the Groom and Hammond trust account totaling $8,773.94. Eighteen of the checks were written payable to "Gary Hammond." One was made payable to "Cash" and eight were made to grocery stores and other local businesses. On June 16, 2004, after the subject withdrawals were discovered by Hammond's law partner, all funds withdrawn by Hammond were replaced by Hammond's law partner from funds apparently owed to Hammond by the partnership. The partnership was dissolved and Mr. Hammond left the practice within a few weeks.

¶3 Hammond admitted that during the time period he was writing the checks on the law firm's trust account he was suffering from a drug addiction. Hammond also testified that he was using most of this money to buy drugs. At the same time this was occurring, Mr. Hammond was a trustee for the United States Bankruptcy Court. He was, at that time, in charge of thirty different trusts and never had a problem in administering any of those accounts. Hammond subsequently completed a rehabilitation program.

## RECOMMENDATIONS AND FINDINGS OF THE PROFESSIONAL RESPONSIBILITY TRIBUNAL

¶4 After hearing the foregoing at the tribunal hearing, the three members of the Professional Responsibility Tribunal concluded that the respondent's conduct violated Rule 1.3 and Rule 1.4(c) of the Rules Governing Disciplinary Proceedings, 5 O.S. Ch. 1, App. 1-A (Supp.1995), and that Hammond had admitted violation of Rule 1.15(a) of the Oklahoma Rules of Professional Conduct. 5 O.S.2001, Ch. 1, App. 3-A. The tribunal found that Respondent should be disciplined as provided in the Rules Governing Disciplinary Proceedings, 5 O.S. Ch. 1, App. 1-A (1995). The trial panel suggested a suspension of two-years and a day, with credit for one year as a result of delays in his hearing date, would be suitable punishment for his violations of the Rules Governing Disciplinary Proceedings and the Oklahoma Rules of Professional Conduct.

## STANDARD OF REVIEW

¶5 In *State ex rel. Oklahoma Bar Association v. Todd,* 1992 OK 81, 833 P.2d 260, 262, we set out the standard of review in attorney disciplinary proceedings. This Court held:

> In attorney disciplinary proceedings this Court's determinations are made de novo. The ultimate responsibility for deciding whether misconduct has occurred and what discipline is warranted if misconduct is found rests with us in the exercise of our exclusive original jurisdiction in bar disciplinary matters. Accordingly, neither the findings of fact of a Professional Responsibility Tribunal (PRT) nor its view of the evidence or credibility of witnesses are binding on us and recommendations of a PRT are merely advisory. (citations omitted)

¶6 In addition, to warrant a finding against a lawyer in a contested case, the charges of misconduct must be established by clear and convincing evidence. Rule 6.12(c) of the RGDP; *State ex rel. Oklahoma Bar Association v. Thomas,* 1995 OK 145, 911 P.2d 907, 909. With these standards in mind we turn to a discussion of the misconduct charged.

## VIOLATION OF RULES OF PROFESSIONAL CONDUCT AND RULES GOVERNING DISCIPLINARY PROCEEDINGS

¶7 In the present matter Mr. Hammond readily admits to inappropriately using the trust fund for his own benefit. This Court has imposed varying degrees of disci-

---

5. Rules Governing Disciplinary Proceedings, Rule 6.16, 5 O.S.2001, Ch. 1, App. 1-A.

pline upon lawyers in matters involving mishandling of client funds. The disciplinary range has extended from censure to disbarment, depending in large part on the degree of harm to the client.[6]

¶ 8 Our cases have articulated a continuum of culpability in evaluating the mishandling of client funds. *State ex rel. Oklahoma Bar Ass'n v. Dunlap,* 1994 OK 81, 880 P.2d 364, 366–367. Commingling occurs when a lawyer fails to keep client money, or money accepted on the client's behalf, in a separate account from that of the attorney. *Dunlap* at 367; *State ex rel. Oklahoma Bar Ass'n v. Johnston,* 1993 OK 91, 863 P.2d 1136, 1145. The next most serious offense occurs when an attorney uses a client's money for some purpose other than that for which it was intended. *Dunlap,* at 367; *State ex rel. Oklahoma Bar Ass'n v. Farrant,* 1994 OK 13, 867 P.2d 1279 (applying client payment intended for private investigator services to attorney's own fees); *State ex rel. Oklahoma Bar Ass'n v. Cummings,* 1993 OK 127, 863 P.2d 1164 (applying funds intended for deposition expenses toward claimed attorney fees). The most egregious offense, misappropriation, occurs when the attorney purposely deprives a client of money by way of deceit and fraud, i.e., theft by conversion or otherwise, and intentionally inflicts grave economic harm on his/her client. *Johnston, supra,* 863 P.2d at 1145; *See also State ex rel. Oklahoma Bar Ass'n v. Raskin,* 1982 OK 39, 642 P.2d 262. An attorney found guilty of this latter offense, i.e., theft by conversion or intentional misappropriation, results in the attorney's disbarment.

## FINDINGS OF THIS COURT AND DISCIPLINE

¶ 9 In the present matter, we find, as did the trial panel, that Mr. Hammond has violated the Oklahoma Rules of Professional Conduct and the Rules Governing Disciplinary Proceedings by the use of funds in the trust account. We find that his use of the trust account was not accidental. Hammond was able to function as an attorney and Bankruptcy Court Trustee at the time of complained of offenses. Mr. Hammond had a drug habit and was not allowed use of the business account at his law firm.

¶ 10 The only evidence offered by the Bar is the testimony of the Respondent. His former law partner was not called as witness nor was anyone else called to show they were injured by the acts of the Respondent. The evidence presented at best shows Hammond guilty of commingling of trust account funds. The evidence also shows that no clients were injured by the actions of Hammond. When the money was discovered missing, Hammond's law partner made sure the money was replaced. Also, mitigating in this matter is Hammond's sobriety. Based on the facts before this Court, we find a six-month suspension to be the appropriate discipline in light of Hammond's errors. Accordingly, Respondent is suspended from the practice of law for a period of six months to begin on the day this opinion becomes final. The costs of the proceedings in this disciplinary action in the amount of $858.57 are to be paid by the Respondent within ninety days from the day this opinion becomes final.

## RESPONDENT SUSPENDED FOR SIX MONTHS AND ORDERED TO PAY COSTS.

¶ 11 CONCUR: WINCHESTER, C.J., EDMONDSON, V.C.J., HARGRAVE, KAUGER, COLBERT, JJ.

---

6. *State ex rel. Oklahoma Bar Ass'n v. Dunlap,* 1994 OK 81, 880 P.2d 364 (public censure appropriate discipline in case where evidence was insufficient to suggest that attorney intentionally misused or converted funds); *State ex rel. Oklahoma Bar Ass'n v. Geb,* 1972 OK 17, 494 P.2d 299 (twelve month suspension for attorney with previous discipline who commingled and failed to promptly remit client funds); *State ex rel. Okla. Bar Ass'n v. Kessler,* 1991 OK 81, 818 P.2d 463 (attorney's license suspended for two years and one day for commingling client funds, use of moneys for unauthorized purposes and misrepresentation to court that funds had been used or designated purpose); *State ex rel. Okla. Bar Ass'n v. Gasaway,* 1993 OK 133, 863 P.2d 1189 (Okla. 1993) (attorney disbarred for repeatedly commingling clients' funds, converting property of clients, and other improprieties with client funds). *State ex rel. Okla. Bar Ass'n v. Abbott,* 2000 OK 64, 11 P.3d 1239 (Public censure and payment of costs imposed for negligently commingling personal and trust account funds and failing to respond to the Bar inquiry when attorney also suffered from depression, acknowledged wrongdoing and showed remorse.

¶ 12 CONCUR IN PART; DISSENT IN PART: OPALA (joins WATT, J.), WATT (I would impose upon this respondent suspension from the practice of law for one year and one day.), JJ.

¶ 13 DISSENT: TAYLOR (I agree with the legal and factual arguments of the Oklahoma Bar Association that this attorney should be disbarred.), J.

¶ 14 REIF, J., not voting.